IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| FLORENCE K. GOLDSBERRY,<br>    Plaintiff,<br><br>v.<br><br>A CARING TOUCH OF McLEAN COUNTY, INC., JOHN WERDERITS, and WENDY WERDERITS, deceased,<br>    Defendants. | Case No. 1:14-cv-01134-JES-JEH |

**Order**

Now before the Court are the *pro se* Plaintiff's Motion to Subpoena (Doc. 28) and Motion for a Hearing (Doc. 30). The Court initially notes that while the Plaintiff labeled her Motion to Subpoena as such, the substance of that Motion is instead a motion to compel for the Defendants' failure to produce the requested documents. The Defendants had the opportunity to respond to the Motion just as they would to a motion to compel, and they did in fact respond. Thus, the Court construes the Plaintiff's Motion to Subpoena as a motion to compel. With that understanding, and for the reasons set forth below, the Motion to Subpoena is GRANTED and the Motion for Hearing is DENIED.

**I**

The Plaintiff filed her Complaint on April 9, 2014 alleging that the Defendants' actions towards her violated the Family Medical Leave Act (FMLA). On June 11, 2014, the Court denied the Defendants' Motion to Dismiss and on October 10, 2014, the Court denied the Defendants' Motion for Summary Judgment. In both instances, the Defendants sought judgment against the Plaintiff on the basis that they did not employ 50 or more employees as required for them to be considered an "employer" under the FMLA. In denying the Motion to Dismiss, the

1

Court explained that the threshold issue of whether Defendants were an "employer" within the meaning of the FMLA was better presented and resolved in the context of a summary judgment motion after discovery initially limited to that threshold issue. In denying the Motion for Summary Judgment, the Court explained that the Defendants' request for summary judgment was premature where the Plaintiff had not been given an opportunity to pursue discovery on the issue of whether the Defendants were an "employer" under the FMLA.

On September 2, 2014, the Court denied the Plaintiff's original Motion to Subpoena in which she sought copies of the Defendants' federal tax return filings for 2011 through 2014 and for the bi-weekly employee schedule roster for the Defendants' McLean County and Livingston County locations for the payroll period of 2011 through 2014. She explained that she sought those documents to prove that the Defendants had more than 50 employees for the years 2011 through 2014. The Court initially denied that Motion, explaining that the Defendants already provided copies of the tax returns that the Plaintiff sought to obtain when they filed their Motion to Dismiss, and that the Plaintiff had already otherwise been provided the information she sought via subpoena.

In her second Motion to Subpoena, the Plaintiff again seeks the bi-weekly employee schedule roster for McLean and Livingston Counties during the period of 2011 through 2014 to show that the Defendants had more than 50 employees during that time period. She says that the federal tax returns show only the employees that have provided services rather than showing *all* of the Defendants' employees.

## II

The federal discovery rules are to be construed broadly and liberally. *Herbert v Lando*, 441 U.S. 153, 177 (1979); *Jefferys v LRP Publications, Inc.*, 184 FRD 262, 263 (ED Pa 1999). Parties are allowed to obtain discovery regarding any unprivileged matter relevant to the claim or defense of any party. FRCP 26(b)(1). Relevant information need not be admissible at trial if the discovery appears to be reasonably

calculated to lead to the discovery of admissible evidence. Id. District courts have broad discretion in matters relating to discovery. See *Brown–Bey v United States*, 720 F2d 467, 470–71 (7th Cir 1983). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v DaimlerChrysler Corp.*, 206 FRD 615, 619 (SD Ind 2002), quoting *Oppenheimer Fund, Inc. v Sanders*, 437 US 340, 351 (1978).

Under the FMLA, an "employer" is "any person engaged in commerce . . . who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 USC § 2611(4)(A)(i). Here, what is clearly at issue in this case is whether the Defendants are an "employer" under the FMLA. Thus, documents that bear on that issue are discoverable. The Defendants oppose the Plaintiff's request for their bi-weekly employee schedule rosters as unduly burdensome and argue that the Plaintiff already has the information she seeks via the previously provided federal tax returns. The Defendants also rely upon the Affidavits of Defendant John Werderits in which he stated that: 1) Defendant A Caring Touch did not employ more than 50 employees within 75 miles for a period of twenty or more calendar workweeks in 2011, 2012, 2013, or 2014; 2) A Caring Touch manages all employment records for the corporation from its location in Bloomington, Illinois; and 3) A Caring Touch previously had a satellite location in Pontiac, Illinois that is no longer part of its operation as of September 2005.

The Defendants do not adequately explain how the request for the bi-weekly employee schedule rosters is "unduly burdensome." As for their reliance upon John Werderits's Affidavits, his attestations do not foreclose the Plaintiff's ability to seek other relevant information or information that appears reasonably calculated to lead to the discovery of admissible evidence. The Court will not preclude the Plaintiff from obtaining such additional documents where she insists that the documents she

already has do not show the full picture and the Defendants' opposition does not sufficiently respond to that argument. The Plaintiff is entitled to copies of the bi-weekly employee schedule rosters for the years 2011 through 2014.

Because the Court denied the Defendants' Motion for Summary Judgment and because the Court has now granted the Plaintiff's Motion to Subpoena, the Plaintiff's request for hearing on the issue of whether the Defendants are an "employer" under the FMLA is not raised in the correct manner nor at the correct time at this point in the litigation. This is especially so where the Court in its Order on the Motion for Summary Judgment plainly explained that the Plaintiff may ultimately uncover facts during discovery that demonstrate that John and Wendy Werderits actually acted as the employer. Therefore, the Motion for a Hearing is denied.

### III

For the reasons set forth above, the Plaintiff's Motion to Subpoena (construed as a motion to compel) ([Doc. 28](#)) is GRANTED and the Motion for a Hearing ([Doc. 30](#)) is DENIED. The Defendants must turn over the requested bi-weekly employee schedule rosters for the years 2011 through 2014 within fourteen days of the date of this Order.

Entered on October 15, 2014.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE